**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RYAN J. HOWARD,<br><br>    Petitioner,<br><br>vs.<br><br>AL JAZEERA AMERICA, LLC,<br>AL JAZEERA MEDIA NETWORK,<br>AL JAZEERA INTERNATIONAL (USA) INC.,<br>AND DEBORAH DAVIES<br><br>    Respondents. | Case No. 18-mc-00130<br><br>RELATED CASES:<br>*Ryan W. Zimmerman, et al. v.*<br>*Al Jazeera America, LLC, et al.*,<br>Case Nos. 16-cv-00013 & 16-cv-00014 (KBJ) (RMM) (D.D.C.)<br><br>REDACTED BY PLAINTIFFS |

**AL JAZEERA AMERICA, LLC, AL JAZEERA MEDIA NETWORK, AL JAZEERA
INTERNATIONAL (USA) INC., AND DEBORAH DAVIES'S SUR-REPLY
IN FURTHER OPPOSITION TO THE MOTION TO QUASH
<u>AL JAZEERA'S SUBPOENA SERVED ON VERIZON WIRELESS</u>**

The Al Jazeera Respondents submit this sur-reply in further opposition to Ryan Howard's motion to quash the Verizon Subpoena[1] because relevant deposition testimony that occurred after this motion was fully briefed further shows why the Al Jazeera Respondents are entitled to discover Howard's phone records. Moreover, the discovery of Howard's mobile phone records is further justified by his failure to conduct a reasonable search of those phones.[2]

**I.   HOWARD'S OCTOBER 10, 2018 DEPOSITION TESTIMONY**

In his October 3, 2018 reply, Howard contended that the Verizon Subpoena should be quashed because he "provided full and complete discovery" and had not been "evasive with respect to his discovery efforts."[3]  At his October 10, 2018 deposition, however, Howard told a different story and could not recall taking any steps to conduct a reasonable search of his iPhones.[4]  For example, Howard initially could not remember if an iPhone he used through 2015 was provided to his lawyers for inspection:

> Q:   "Did you actually give the physical iPhone to your attorneys that you were using at the end of 2015, period; did you actually give them that phone at any point in time."
>
> A:   "I can't remember.  Yeah, I can't remember if I did or not."[5]

---

[1]  Capitalized terms not specifically defined in this sur-reply shall have the same meanings as set forth in the Al Jazeera Respondents' memorandum of law opposing the motion to quash. *See*  ECF Nos. 10, 14.

[2]  The Al Jazeera Respondents have filed motions that seek to compel Howard and his Co-Plaintiff Ryan Zimmerman to provide affidavits detailing their mobile phone search efforts, and to have Zimmerman's former mobile phone produced for inspection.  *See generally Ryan Zimmerman v. Al Jazeera America, LLC*, No. 16-cv-00013, ECF No. 162; *Al Jazeera America, LLC v. Shawn Zimmerman*, No. 18-mc-00135, ECF No. 1.  The full contents of those motions and supporting materials are adopted and incorporated by reference as if set forth herein.

[3]  ECF Nos. 12 or 13, at 7.

[4]  Declaration of Ellen Dew dated December 7, 2020 ("Dew Decl."), Ex. Y, Howard Tr. 221:16-222:10, 224:5-24, 225:2-7.

[5]  *Id.* at 225:2-7.

1

Howard later admitted that he did not provide his lawyers with the actual iPhone, but only his account passwords:

Q: "[Y]ou're saying your counsel obtained all the information that was on the iPhone you were using in 2015 without you ever giving them the actual iPhone?"

A: "Yes, I would assume so because I would give them passwords to get all — gather the information that they needed to gather."[6]

Though Howard's lawyers may have used passwords to access his web-based emails (they have not confirmed one way or the other), they could not conduct a reasonable search without having the iPhones themselves. Those lawyers claim to have reviewed and produced messages from a Droid X phone that Howard used, but no similar review and production process has ever been confirmed for the multiple iPhones that Howard used between 2012 and 2015.[7] As a result, logs reflecting Howard's incoming and outgoing calls and text messages are the only evidence (other than the iPhones themselves) that would reveal Howard's communications ▊▊▊▊▊▊▊▊▊▊▊▊▊▊.

In his reply, Howard asserted—without support—that the call and text logs sought through the Verizon Subpoena would not reveal any evidence about his relationships with ▊▊▊▊ ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊. This unsupported assertion appears to be predicated on the notion that Howard conducted reasonably

---

[6] *Id.* at 226:2-8.

[7] *See Zimmerman v. Al Jazeera America, LLC*, No. 16-cv-00013, ECF No. 162-7 (Ex. 4), at Response No. 12 (describing Howard's various phone models and usage dates).

[8] *See* ECF Nos. 12 or 13, at 1-2. Howard's denial of a relationship with ▊▊▊▊▊▊ is similar to Zimmerman's denial—which, in the course of discovery, was proven false and had to be amended. *Compare* Dew Decl., Ex. Z (Plaintiffs' Interrogatory Response No. 1 ▊▊▊▊▊▊▊▊▊▊▊▊▊▊ ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊), *and* Dew Decl., Ex. AA (Plaintiffs' Supplemental Interrogatory Response No. 1 (admitting ▊▊▊▊ ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊.

2

diligent searches of his iPhones and then produced all relevant records. As shown above, however, Howard's deposition testimony makes clear that his iPhones were not adequately searched. In reality: (i) Howard's lawyers failed to preserve and/or conduct a reasonable search for relevant evidence stored on Howard's cell phone; (ii) Howard took no steps to preserve and/or conduct a reasonable search for relevant evidence stored on his cell phone, even though he believed text messages were stored on the phone he possessed at the time of his deposition in October 2018; (iii) Howard refuses to produce his phones for inspection; and (iv) here, Howard objects to the production of his cell phone records.[9]

Compounding matters, Howard had previously refused to respond to written discovery requests seeking details about his efforts, if any, to search for and preserve relevant evidence.[10] This evasiveness[11] further demonstrates that a reasonable search of Howard's iPhones was never conducted, and that the information the Al Jazeera Respondents is seeking from Verizon Subpoena will be both instructive and not duplicative of Howard's discovery responses. To the contrary, Howard's testimony strongly suggests that Verizon's records may well be the best and only remaining evidence of Howard's mobile phone communications and relationships with the

---

[9] *See, e.g.*, Dew Decl., Ex. Y, Howard Tr. 221:16-222:10, 224:5-24, 225:2-7; Toweill Decl., Ex. P, at RFP Response No. 64.

[10] *See, e.g.*, Toweill Decl., Ex. U, at Interrogatory Response No. 21.

[11] As the records sought via the Verizon Subpoena relate only to Howard, the Al Jazeera Respondents will not rehash the equally evasive and obstructionist efforts by Zimmerman to avoid discovery of documents and information from or relating to *his* mobile phones. Those efforts are consistent and abundant, as explained in other motion papers. *See, e.g.*, *Zimmerman v. Al Jazeera America, LLC*, No. 16-cv-00013, ECF No. 162 (Defendants' Motion to Compel Plaintiffs to Supplement Their Discovery Responses); *Al Jazeera America, LLC v. Shawn Zimmerman*, No. 18-mc-00135, ECF No. 1 (Defendants' Motion to Compel Discovery from Shawn Zimmerman); *Zimmerman v. Al Jazeera America, LLC*, 20-mc-00121, ECF No. 7 (Defendants' Opposition to Plaintiff Zimmerman's Motion to Quash a Subpoena to AT&T Mobility).

3

███████ and, for that reason, the motion to quash should be denied. This Court should not countenance Howard's continuing efforts to avoid his discovery obligations and to prevent Defendants from discovering documents and information that are both relevant to Plaintiffs' claims and Defendants' defenses, and proportional to the needs of the case considering the importance of the issues at stake. *See* FED. R. CIV. P. 26(d).

## CONCLUSION

For the foregoing reasons, the Al Jazeera Respondents respectfully request that this Court deny Howard's motion to quash the Verizon Subpoena.

                                                Respectfully submitted.

Dated:  December 7, 2020                /s/ *Matthew Graves*
                                                Matthew Graves
                                                DLA PIPER LLP (US)
                                                500 Eighth Street, NW
                                                Washington, DC 20004
                                                Phone: (202) 799-4469
                                                Fax: (202) 799-5152
                                                matthew.graves@dlapiper.com

                                                Michael D. Hynes (admitted *pro hac vice*)
                                                Andrew L. Deutsch (admitted *pro hac vice*)
                                                DLA PIPER LLP
                                                1251 Avenue of the Americas
                                                New York, NY  10020
                                                Office: (212) 335-4500
                                                Fax: (212) 335-4501
                                                michael.hynes@dlapiper.com
                                                andrew.deutsch@dlapiper.com

                                                *Counsel for Al Jazeera America, LLC,*
                                                *Al Jazeera Media Network, Al Jazeera*
                                                *International (USA), Inc., and Deborah Davies*

---

[12] ███████████████████████████████████ Moreover, the previously produced AT&T records as to ██ went back no further than 2015. *See* Dew Decl. ¶ 6. The Al Jazeera Respondents are entitled to explore the fuller history of Howard's cell phone contacts with ██ considering that their relationship is documented in texts dating back to 2011. *See* Toweill Decl., Ex. E.