# Exhibit Z

REDACTED BY PLAINTIFFS

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RYAN W. ZIMMERMAN, | |
| Plaintiff, | |
| v. | Case No. 1:16-cv-13-KBJ |
| AL JAZEERA AMERICA, LLC, et al., | |
| Defendants. | |
| RYAN J. HOWARD | |
| Plaintiff, | |
| v. | Case No. 1:16-cv-14-KBJ |
| AL JAZEERA AMERICA, LLC, et al., | |
| Defendants. | |

**PLAINTIFFS RYAN W. ZIMMERMAN'S AND RYAN J. HOWARD'S OBJECTIONS
AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

Plaintiffs Ryan W. Zimmerman ("Plaintiff Zimmerman") and Ryan J. Howard ("Plaintiff Howard") (collectively, "Plaintiffs") respond as follows to Defendants Al Jazeera America, LLC's, Al Jazeera Media Network's, Al Jazeera International (USA) Inc.'s, and Deborah Davies' (collectively, the "Al Jazeera Defendants") First Set of Interrogatories served on September 11, 2017 in the above-captioned consolidated action, and to each request, definition, and instruction therein ("the Interrogatories," or, individually, the "Interrogatory").

## GENERAL OBJECTIONS

Plaintiffs hereby make the following General Objections, which apply to each and every specific Interrogatory and are incorporated by reference in each and every response below as if set forth fully therein. These responses are made subject to, and without waiving, these General Objections asserted. Failure to reiterate a General Objection below shall not constitute a waiver of that or any other objection. Any statements contained in this response to the Interrogatories shall not be read as a waiver of any of Plaintiffs' objections.

1.      Plaintiffs object to the Interrogatories as premature because they were served at the beginning of the discovery process, before documents have been produced from third-parties, before party and third-party depositions, and before expert discovery has commenced. The specific responses below are based on Plaintiffs' present knowledge and upon information and belief. Plaintiffs continue to investigate this matter and reserve the right to supplement, modify, and/or amend these Responses and Objections as additional knowledge or information makes such supplementation, modification, and/or amendment appropriate, including documents and information produced during discovery in this matter. Plaintiffs also reserve the right to object to and not to respond to any Interrogatory that becomes irrelevant to the subject matter of this proceeding or is otherwise not calculated to lead to the discovery of admissible evidence, or not proportional to the needs of the case.

2.      Plaintiffs object to the Interrogatories to the extent they seek privileged documents and information, including drafts, that (1) were prepared, generated, or received for or in anticipation of litigation, (2) constitute attorney work product, (3) contain confidential attorney-client communications that are protected from disclosure by the attorney-client privilege, (4) contain information that is protected by common interest privilege, or (5) contain

information that is protected by any other applicable privilege or rule of privacy, confidentiality, immunity, protection, or restriction that makes such information otherwise non-discoverable. Any production of privileged or otherwise protected documents will not constitute a waiver of any claim of privilege, immunity, or protection.  Plaintiffs reserve the right to secure the return of any inadvertently-produced documents and to prohibit their use in any manner.

3.      Plaintiffs object to the Interrogatories, and Instruction No. 6 in particular, to the extent they seek information that is not within Plaintiffs' possession, custody, or control, or that is already in the Al Jazeera Defendants' possession, custody, or control.  Plaintiffs further object to the Interrogatories to the extent they seek information that is available to the Al Jazeera Defendants from public sources, equally accessible to the Al Jazeera Defendants from alternate sources, or more readily available from another source that is more convenient, less burdensome or less expensive, or more properly obtained by deposition or other discovery device.

4.      Plaintiffs object to the Interrogatories to the extent they purport to seek information prior to or after the relevant time period of this Action.

5.      Plaintiffs object to Instruction No. 4 to the extent it purports to impose obligations upon Plaintiffs that are not imposed by the Federal Rules of Civil Procedure or the Local Rules for the District Court for the District of Columbia.

6.      Plaintiffs object to the definition of "Zimmerman" as overly broad and unduly burdensome.   These Responses and Objections construe "Zimmerman" to mean Ryan W. Zimmerman.

7.      Plaintiffs object to the definition of "Howard" as overly broad and unduly burdensome.  These Responses and Objections construe "Howard" to mean Ryan J. Howard.

8.      Plaintiffs object to the definition of "Plaintiffs," "Plaintiff," "You," or "Your," as overly broad and unduly burdensome.  These Responses and Objections construe these terms to mean Ryan J. Howard and Ryan W. Zimmerman.

9.      Plaintiffs object to the definition of "PEDs" as overly broad and unduly burdensome.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each Plaintiff's meetings and communications with Charles David Sly, including the nature, date, and place of each such meeting or communication, the persons participating or present during the meeting or communication, the matters discussed or communicated, and any documents or things transmitted or exchanged, including through the mail or delivery service, during or in connection with the meeting or communication.

RESPONSE:

Plaintiffs object to this Interrogatory No. 1 to the extent it seeks documents covered by the attorney-client privilege, work-product doctrine, doctor-patient privilege, joint defense privilege, common interest privilege, or any other legally recognized privilege, protection, immunity, or exemption from discovery.   Plaintiffs further object to the time period contemplated by this Interrogatory as overbroad and construe it to encompass only the period of January 1, 2012 through December 31, 2015.

Subject to and without waiving the foregoing General Objections or specific objections to this Interrogatory, Plaintiff Zimmerman ████████████████████████████████

Subject to and without waiving the foregoing General Objections or specific objections to this Interrogatory, Plaintiff Howard states ████████████████████████████████████████ ████████████████████████████

**INTERROGATORY NO. 2:**

Identify each Plaintiff's meetings and communications with Jason Riley, including the nature, date, and place of each such meeting or communication, the persons participating in or present during the meeting or communication, the matters discussed or communicated, and any documents or things transmitted or exchanged including through the mail or delivery service, during or in connection with the meeting or communication.

RESPONSE:

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**

Plaintiffs object to this Interrogatory No. 2 to the extent it seeks documents covered by the attorney-client privilege, work-product doctrine, doctor-patient privilege, joint defense privilege, common interest privilege, or any other legally recognized privilege, protection, immunity, or exemption from discovery.   Plaintiffs further object to the time period contemplated by this Interrogatory as overbroad and construe it to encompass only the period of January 1, 2012 through December 31, 2015.

Subject to and without waiving the foregoing General Objections or specific objections to this Interrogatory, Plaintiff Zimmerman states that ████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████Pursuant to Federal Rule of Civil Procedure 33(d), additional information responsive to this Interrogatory

5

and related to these meetings and communications may be derived from documents that will be produced in discovery.

Subject to and without waiving the foregoing General Objections or specific objections to this Interrogatory, Plaintiff Howard states ██████████████████████████████████ ██████████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████ Pursuant to Federal Rule of Civil Procedure 33(d), additional information responsive to this Interrogatory and related to these meetings and communications may be derived from documents that will be produced in discovery.

**INTERROGATORY NO. 3:**

Identify each Plaintiff's meetings and communications with Dr. George (Bino) Rucker, including the nature, date, and place of each such meeting or communication, the persons participating in or present during the meeting or communication, the matters discussed or communicated, and any documents or things transmitted or exchanged including through the mail or delivery service, during or in connection with the meeting or communication.

RESPONSE:

**HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER**

Plaintiffs object to this Interrogatory No. 3 to the extent it seeks documents covered by the attorney-client privilege, work-product doctrine, doctor-patient privilege, joint defense privilege, common interest privilege, or any other legally recognized privilege, protection, immunity, or exemption from discovery.   Plaintiffs further object to the time period

contemplated by this Interrogatory as overbroad and construe it to encompass only the period January 1, 2012 through December 31, 2015.

Subject to and without waiving the foregoing General Objections or specific objections to this Interrogatory, Plaintiff Zimmerman states ████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████ Plaintiff Zimmerman also signed a jersey for Dr. Rucker that was later provided to Dr. Rucker.   Pursuant to Federal Rule of Civil Procedure 33(d), additional information responsive to this Interrogatory and related to this appointment may be derived from documents that will be produced in discovery.

Subject to and without waiving the foregoing General Objections or specific objections to this Interrogatory, Plaintiff Howard states ████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████ Pursuant to Federal Rule of Civil Procedure 33(d), additional information responsive to this Interrogatory and related to this appointment may be derived from documents that will be produced in discovery.

**<u>INTERROGATORY NO. 4:</u>**

Identify each Plaintiff's meetings and communications with MLB about MLB's investigation of possible use by Plaintiffs of PEDs, including the nature, date, and place of each such meeting or communication, the persons participating in or present during the meeting or communication, the matters discussed or communicated, and any documents or things transmitted or exchanged during or in connection with the meeting or communication.

<u>RESPONSE</u>:

Plaintiffs object to this Interrogatory No. 4 to the extent it seeks documents covered by the attorney-client privilege, work-product doctrine, doctor-patient privilege, joint defense privilege, common interest privilege, or any other legally recognized privilege, protection, immunity, or exemption from discovery.  Plaintiffs further object to this Interrogatory as vague and ambiguous, including, not limited to, the use of the defined term "PEDs."  Plaintiffs further object to the time period contemplated by this Interrogatory as overbroad.  Plaintiffs further object to this Interrogatory on the ground that it seeks information that is not relevant to the Parties' claims or defenses, insofar as the Interrogatory seeks information that does not pertain to Delta 2.

Subject to and without waiving the foregoing General Objections or specific objections to this Interrogatory, Plaintiff Zimmerman states



Pursuant to Federal Rule of Civil Procedure 33(d), additional information responsive to this Interrogatory and related to this meeting may be derived from documents that will be produced in discovery.

Subject to and without waiving the foregoing General Objections or specific objections to this Interrogatory, Plaintiff Howard states

██████████████████████████████████████████████████

████████████████████████████████████████████ Pursuant to Federal

Rule of Civil Procedure 33(d), additional information responsive to this Interrogatory and related

to this meeting may be derived from documents that will be produced in discovery.

**INTERROGATORY NO. 5:**

Identify all purchases by each Plaintiff or on each Plaintiff's behalf from Pure Oils (or

pure-oil.net, or Purity Research Solutions or Purity Solutions Research) and/or any other

persons, companies and/or distributors that supply PEDs, including but not limited to D-2, and

including the date of each purchase, all items or products purchased, and quantities or amounts

purchased.

RESPONSE:

Plaintiffs object to this Interrogatory No. 5 to the extent it seeks documents covered by

the attorney-client privilege, work-product doctrine, doctor-patient privilege, joint defense

privilege, common interest privilege, or any other legally recognized privilege, protection,

immunity or exemption from discovery.  Plaintiffs further object to the time period contemplated

by this Interrogatory as overbroad and construe it to encompass only the period of January 1,

2012 through December 31, 2015.  Plaintiffs further object to this Interrogatory as vague and

ambiguous, including, but not limited to, the use of the defined term "PEDs."  Plaintiffs further

object to this Interrogatory to the extent that it seeks information not within their possession,

custody, or control, insofar as it requires Plaintiffs to undertake an investigation to identify

"persons, companies and/or distributors" that supply "PEDs."  Plaintiffs further object to this

Interrogatory on the ground that it is vague and ambiguous and seeks information that is not

relevant to the Parties' claims or defenses, insofar as the Interrogatory purports to require

Plaintiffs to "[i]dentify all purchases by each Plaintiff or on each Plaintiff's behalf from . . . any other persons, companies and/or distributors that supply PEDs" irrespective of the nature of those purchases. Plaintiffs further object to this Interrogatory on the ground that it seeks information that is not relevant to the Parties' claims or defenses, insofar as the Interrogatory seeks information that does not pertain to Delta 2.

Subject to and without waiving the foregoing General Objections or specific objections to this Interrogatory, Plaintiff Zimmerman states that he has never made any purchases from Pure Oils or pure-oil.net, Purity Research Solutions, or Purity Solutions Research.

Subject to and without waiving the foregoing General Objections or specific objections to this Interrogatory, Plaintiff Howard states that he has never made any purchases from Pure Oils or pure-oil.net, Purity Research Solutions, or Purity Solutions Research.

**INTERROGATORY NO. 6:**

Describe in detail each Plaintiff's dealings and/or contact with Elementz Nutrition, including any services provided to Plaintiffs by Elementz Nutrition, any endorsement or advertising deal between Plaintiffs and Elementz Nutrition, and any products purchased by Plaintiffs or on each Plaintiff's behalf from Elementz Nutrition.

RESPONSE:

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**

Plaintiffs object to this Interrogatory No. 6 to the extent it seeks documents covered by the attorney-client privilege, work-product doctrine, doctor-patient privilege, joint defense privilege, common interest privilege, or any other legally recognized privilege, protection, immunity, or exemption from discovery. Plaintiffs further object to the time period contemplated by this Interrogatory as overbroad and construe it to encompass only the period of

January 1, 2012 through December 31, 2015.  Plaintiffs further object to this Interrogatory to the extent it is duplicative of Interrogatory No. 2.  Plaintiffs further object to this Interrogatory on the ground that it seeks information that is not relevant to the Parties' claims or defenses, insofar as the Interrogatory seeks information that does not pertain to Delta 2.

Subject to and without waiving the foregoing General Objections or specific objections to this Interrogatory, Plaintiff Zimmerman states ███████████████████████████████████ ██████████████████████████████████████████ ████████ Plaintiff Zimmerman did not have any endorsement or advertising deals with Elementz Nutrition.  Pursuant to Federal Rule of Civil Procedure 33(d), additional information responsive to this Interrogatory ██████████████████████████████████████ █████ may be derived from documents that will be produced in discovery.

Subject to and without waiving the foregoing General Objections or specific objections to this Interrogatory, Plaintiff Howard states ██████████████████████████████████ ██████████████████████████████████████████ Plaintiff Howard did not have any endorsement or advertising deals with Elementz Nutrition. Pursuant to Federal Rule of Civil Procedure 33(d), additional information responsive to this Interrogatory ████████████████████████████████████████████ █████ may be derived from documents that will be produced in discovery.

**<u>INTERROGATORY NO. 7</u>:**

Describe in detail each Plaintiff's dealings and/or contact with the Rejuvenate You Wellness & Anti-Aging Clinic, including any services provided to Plaintiffs by Rejuvenate You Wellness & Anti-Aging Clinic, any endorsement or advertising deal between Plaintiffs and

Rejuvenate You Wellness & Anti-Aging Clinic, and any products purchased by Plaintiffs or on each Plaintiff's behalf from Rejuvenate You Wellness & Anti-Aging Clinic.

RESPONSE:

## HIGHLY CONFIDENTIAL
## SUBJECT TO PROTECTIVE ORDER

Plaintiffs object to this Interrogatory No. 7 to the extent it seeks documents covered by the attorney-client privilege, work-product doctrine, doctor-patient privilege, joint defense privilege, common interest privilege, or any other legally recognized privilege, protection, immunity, or exemption from discovery.   Plaintiffs further object to the time period contemplated by this Interrogatory as overbroad and construe it to encompass only the period of January 1, 2012 through December 31, 2015.  Plaintiffs further object to this Interrogatory to the extent it is duplicative of Interrogatory No. 3.  Plaintiffs further object to this Interrogatory on the ground that it seeks information that is not relevant to the Parties' claims or defenses, insofar as the Interrogatory seeks information that does not pertain to Delta 2.

Subject to and without waiving the foregoing General Objections or specific objections to this Interrogatory, Plaintiff Zimmerman ███████████████████████████████████ ████████████████████████████████████ Plaintiff Zimmerman did not have any endorsement or advertising deals with Rejuvenate You Wellness & Anti-Aging Clinic. ███████████████████████████████████████████████████████████ ██████████ Pursuant to Federal Rule of Civil Procedure 33(d), additional information responsive to this Interrogatory and related to ███████████████████████████ ████████████████████████ may be derived from documents that will be produced in discovery.

Subject to and without waiving the foregoing General Objections or specific objections to this Interrogatory, Plaintiff Howard ███████████████████████████████████████ ███████████████████████████████████████████████ Plaintiff Howard did not have any endorsement or advertising deals with Rejuvenate You Wellness & Anti-Aging Clinic. ████ ███████████████████████████████████████████████████████ Pursuant to Federal Rule of Civil Procedure 33(d), additional information responsive to this Interrogatory and related to ████████████████████████████████████████ ████████ may be derived from documents that will be produced in discovery.

**INTERROGATORY NO. 8:**

Identify all testing or screening for PEDs of each Plaintiff conducted by any person, organization, or medical provider from January 1, 2012 to the present other than through the auspices of the MLB/MLBPA Joint Drug Prevention and Treatment Program, including the date of each testing or screening, the party who conducted the testing or screening, and the results of such testing or screening.

RESPONSE:

Plaintiffs object to this Interrogatory No. 8 to the extent it seeks documents covered by the attorney-client privilege, work-product doctrine, doctor-patient privilege, joint defense privilege, common interest privilege, or any other legally recognized privilege, protection, immunity, or exemption from discovery. Plaintiffs further object to the time period contemplated by this Interrogatory as overbroad and construe it to encompass only the period of January 1, 2012 through December 31, 2015. Plaintiffs further object to this Interrogatory as vague and ambiguous, including, not limited to, the use of the undefined term "screening" and defined term "PEDs." Plaintiffs further object to this Interrogatory on the ground that it seeks

information that is not relevant to the Parties' claims or defenses, insofar as it seeks information that does not pertain to "testing" or "screening" for Delta 2.

Subject to and without waiving the foregoing General Objections and specific objections, Plaintiff Zimmerman ████████████

Subject to and without waiving the foregoing General Objections and specific objections, Plaintiff Howard ████████████

**INTERROGATORY NO. 9:**

Identify all medical personnel, including but not limited to physicians, nurses, trainers, therapists, counselors, pharmacists, or any other individuals, groups, or facilities who have provided medical treatment or services to either Plaintiff from January 1, 2012 to the present.

RESPONSE:

Plaintiffs object to this Interrogatory No. 9 to the extent it seeks documents covered by the attorney-client privilege, work-product doctrine, doctor-patient privilege, joint defense privilege, common interest privilege, or any other legally recognized privilege, protection, immunity or exemption from discovery.  Plaintiffs further object to the time period contemplated by this Interrogatory as overbroad and construe it to encompass only the period of January 1, 2012 through December 31, 2015.  Plaintiffs further object to this Interrogatory as vague and ambiguous, including, but not limited to, the use of the undefined term "medical treatment or services."  Plaintiffs further object to this Interrogatory on the ground that it seeks information that is not relevant to the Parties' claims or defenses, insofar as it seeks information that does not pertain to Delta 2.

Subject to and without waiving the foregoing General Objections and specific objections, Plaintiff Zimmerman states that, pursuant to Federal Rule of Civil Procedure 33(d), information

responsive to this Interrogatory may be derived from documents that will be produced in discovery.

Subject to and without waiving the foregoing General Objections and specific objections, Plaintiff Howard states that, pursuant to Federal Rule of Civil Procedure 33(d), information responsive to this Interrogatory may be derived from documents that will be produced in discovery.

**INTERROGATORY NO. 10:**

Identify all statements made or given by each Plaintiff between January 1, 2012 and the present, whether written or videotaped, relating to either Plaintiff's use of PEDs and/or his performance.

RESPONSE:

Plaintiffs object to this Interrogatory No. 10 to the extent it seeks documents covered by the attorney-client privilege, work-product doctrine, doctor-patient privilege, joint defense privilege, common interest privilege, or any other legally recognized privilege, protection, immunity, or exemption from discovery.   Plaintiffs further object to the time period contemplated by this Interrogatory as overbroad and construe it to encompass only the period of January 1, 2012 through December 31, 2015.  Plaintiffs further object to this Interrogatory as vague and ambiguous, including, but not limited to, the use of the defined terms "PEDs" and the undefined terms "statement" and "performance."  As used in this response, Plaintiffs construe the term "statement" to refer to public statements and, therefore, object to this Interrogatory as requesting information that is publicly available.

**INTERROGATORY NO. 11:**

Identify each instance in which each Plaintiff has applied to MLB for a Therapeutic Use Exception ("TUE"), including the date of each TUE application, the substance each Plaintiff sought permission to use, the rationale for the use of the requested substance, and whether the TUE was approved or denied.

RESPONSE:

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**

Plaintiffs object to this Interrogatory No. 11 to the extent it seeks documents covered by the attorney-client privilege, work-product doctrine, doctor-patient privilege, joint defense privilege, common interest privilege, or any other legally recognized privilege, protection, immunity, or exemption from discovery.  Plaintiffs further object to the time period contemplated by this Interrogatory as overbroad and construe it to encompass only the period January 1, 2012 through December 31, 2015.  Plaintiffs further object to this Interrogatory as not relevant to the Parties' claims or defenses to the extent the Interrogatory seeks information that does not pertain to Delta 2.

Subject to and without waiving the foregoing General Objections and specific objections, Plaintiff Zimmerman ███████████

Subject to and without waiving the foregoing General Objections and specific objections, Plaintiff Howard ██████████

**INTERROGATORY NO. 12:**

Identify each cellular phone carrier with which either Plaintiff has had a contract or service relationship for the time period January 1, 2012 through December 31, 2015, cellular phone numbers, and the model or type of cellular phones used by each Plaintiff, including the

current status or location of each cellular phone used during that time period, whether Plaintiffs still possess the cellular phone(s) used, and, if not, when and how such cellular phone(s) left Plaintiffs' possession.

RESPONSE:

Plaintiffs object to this Interrogatory No. 12 to the extent it seeks documents covered by the attorney-client privilege, work-product doctrine, doctor-patient privilege, joint defense privilege, common interest privilege, or any other legally recognized privilege, protection, immunity, or exemption from discovery.

Subject to and without waiving the foregoing General Objections and specific objections, Plaintiff Zimmerman states that from January 1, 2012 through December 31, 2015 his cell phone number was ███████████   During this time, Plaintiff Zimmerman used an iPhone with a service plan through AT&T.  Plaintiff Zimmerman no longer possesses this device.

Subject to and without waiving the foregoing General Objections and specific objections, Plaintiff Howard states that between January 1, 2012 and December 31, 2015 he used a Motorola Droidx; model MB810 ███████████████ with a service plan through Verizon Wireless. The number associated with this device was █████████  Counsel for Plaintiff Howard has possession of this device.  During this time, Plaintiff Howard also used various iPhones with a service plan through Verizon Wireless.  The number associated with these devices was ███████ ████ Plaintiff Howard no longer possesses these devices.

**INTERROGATORY NO. 13:**

If either Plaintiff contends that the airing of the Documentary has caused him to suffer reputational harm that has affected and will continue to affect him in his profession as a

professional baseball player, explain in full the basis for such contention, including identifying with specificity the alleged interference and impact.

RESPONSE:

Plaintiffs object to this Interrogatory No. 13 to the extent it seeks documents covered by the attorney-client privilege, work-product doctrine, doctor-patient privilege, joint defense privilege, common interest privilege, or any other legally recognized privilege, protection, immunity, or exemption from discovery.  Plaintiffs further object to this Interrogatory on the ground that it is premature.  Plaintiffs further object to this Interrogatory to the extent it seeks information not within their possession, custody, or control.

Subject to the foregoing General Objections and specific objections, Plaintiffs contend that their reputations as professional baseball players have been irreparably harmed as a result of the Documentary.  In the Documentary, the Al Jazeera Defendants accused Plaintiff Howard and Plaintiff Zimmerman of taking a banned performance enhancing substance called Delta 2.  The Documentary was aired by the Al Jazeera Defendants multiple times and is available to watch on the Al Jazeera Defendants' YouTube page, where, as of today, the Documentary has been viewed 752,722 times.  As a result of these statements, Plaintiffs will be forever linked to Delta 2, impacting their negotiating leverage for contracts.  In fact, both Plaintiff Howard's and Plaintiff Zimmerman's Google search results generate as one of the first hits a link to their respective Wikipedia pages—both of which describe Al Jazeera's allegations against Plaintiffs and link to extensive reporting on the Documentary.  Plaintiffs will never be able to shed this affiliation to Delta 2 and will be forever regarded by many as cheaters, notwithstanding Plaintiffs' repeated denials.  This link to Delta 2 will have a profound impact on Plaintiffs' Hall of Fame prospects.  Indeed, many MLB players who are linked to performance enhancing

substances (i.e. Barry Bonds, Mark McGwire, Roger Clemens, Sammy Sosa) have not been elected to the Hall of Fame, despite otherwise having Hall of Fame credentials.

**INTERROGATORY NO. 14:**

If either Plaintiff contends that the airing of the Documentary caused him to lose endorsement deals, explain in full the basis for such contention, including identifying with specificity any endorsement deals he claims to have lost as a result of the publication of the Documentary.

RESPONSE:

Plaintiffs object to this Interrogatory No. 14 to the extent it seeks documents covered by the attorney-client privilege, work-product doctrine, doctor-patient privilege, joint defense privilege, common interest privilege, or any other legally recognized privilege, protection, immunity, or exemption from discovery.  Plaintiffs further object to this Interrogatory on the ground that it is premature and the subject of fact and expert discovery.  Plaintiffs further object to this Interrogatory to the extent it seeks information not within their possession, custody, or control.

Subject to and without waiving the foregoing General Objections, Plaintiffs lack knowledge or information sufficient to form a belief as to specific endorsements that they never received as a result of the defamatory Documentary.

**INTERROGATORY NO. 15:**

If either Plaintiff contends that the airing of the Documentary caused him to lose out on future charitable pursuits, explain in full the basis for such contention, including identifying with specificity any charitable pursuits he claims to have lost as a result of the publication of the Documentary.

RESPONSE:

Plaintiffs object to this Interrogatory No. 15 to the extent it seeks documents covered by the attorney-client privilege, work-product doctrine, doctor-patient privilege, joint defense privilege, common interest privilege, or any other legally recognized privilege, protection, immunity, or exemption from discovery.  Plaintiffs further object to this Interrogatory on the ground that it is premature and the subject of fact and expert discovery.   Plaintiffs further object to this Interrogatory to the extent it seeks information not within their possession, custody, or control.

Subject to and without waiving the foregoing General Objections, Plaintiffs lack knowledge or information sufficient to form a belief as to specific charitable pursuits that they never received as a result of the defamatory Documentary.

**INTERROGATORY NO. 16:**

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**

If either Plaintiff contends that the airing of the Documentary caused him to suffer personal humiliation or mental anguish, explain the basis for such contention, including identifying with specificity how long he suffered from such personal humiliation or mental anguish, how such personal humiliation and mental anguish manifested itself, and in what ways, if any, it affected his ability to play baseball or engage in other pursuits.

RESPONSE:

Plaintiffs object to this Interrogatory No. 16 to the extent it seeks documents covered by the attorney-client privilege, work-product doctrine, doctor-patient privilege, joint defense privilege, common interest privilege, or any other legally recognized privilege, protection,

immunity, or exemption from discovery.  Plaintiffs further object to this Interrogatory on the ground that it is premature and the subject of fact and expert discovery.

Subject to the foregoing General Objections and specific objections, Plaintiff Zimmerman



Subject to the foregoing General Objections and specific objections, Plaintiff Howard

Date: December 21, 2017

/s/ William A. Burck
William A. Burck (#979677)
Scott E. Lerner (#1024964)
Quinn Emanuel Urquhart & Sullivan, LLP

21

777 6th Street NW, 11th Floor
Washington, DC 20001
Telephone: (202) 538-8000
Fax: (202) 538-8100
William.burck@quinnemanuel.com
Scott.lerner@quinnemanuel.com

Robert L. Raskopf (admitted *pro hac vice*)
Kevin S. Reed (admitted *pro hac vice*)
Ellyde R. Thompson (admitted *pro hac vice*)
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Fax: (202) 849-7100
robert.raskopf@quinnemanuel.com
kevinreed@quinnemanuel.com
ellydethompson@quinnemanuel.com

/s/ *Andrew D. Herman*
Andrew D. Herman (#462334 )
Miller & Chevalier Chartered
900 16th Street NW
Washington, DC 20006
Telephone: (202) 626-5869
Fax: (202) 626-5801
aherman@milchev.com

*Counsel for Plaintiff Ryan J. Howard*

## **VERIFICATION**

I, Scott E. Lerner, am an Associate at Quinn Emanuel Urquhart & Sullivan, LLP and serve as counsel to Plaintiffs Ryan W. Zimmerman and Ryan J. Howard ("Plaintiffs").  In such capacity, I have read Plaintiffs' Responses to Defendants Al Jazeera American, LLC, Al Jazeera Media Network, Al Jazeera International (USA) Inc., and Deborah Davies' First Set of Interrogatories ("Responses") and know the contents thereof.  On behalf of Plaintiffs, I am informed and believe that the matters stated in the Responses are true and correct, and on that ground and to that extent, declare under penalty of perjury under the laws of the District of Columbia that the same is true and correct.

Executed on November ⎯⎯14⎯⎯, 2017, in the District of Columbia.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯                    ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Scott E. Lerner                                         Signature

**Certificate of Service**

I hereby certify that a copy of Plaintiffs Ryan W. Zimmerman's and Ryan J. Howard's Objections and Responses to Defendants' First Set of Interrogatories were served upon the following counsel for Defendants Al Jazeera Media Network, Al Jazeera International (USA) LLC (formerly known as Al Jazeera International (USA), Inc.), Al Jazeera America, LLC, and Deborah Davies (collectively, "Defendants") via email on November 14, 2017:

Andrew Deutsch—andrew.deutsch@dlapiper.com

Rachel Steven—rachel.stevens@dlapiper.com

Anthony Gill–anthony.gill@dlapiper.com

Charles Scheeler—charles.scheeler@dlapiper.com

Michael Hynes—Michael.Hynes@dlapiper.com

Joseph Alonzo—Joseph.Alonzo@dlapiper.com

Teale Toweill—Teale.Toweill@dlapiper.com


/s/ Scott Lerner
Scott Lerner